UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY RAUSCHER, M.D.<br><br>Plaintiff,<br><br>-against-<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, Gregory Rauscher, M.D. ("Plaintiff"), on assignments from Cynthia R., Noa M., Sophia B., and Jude Z., by and through his attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against United Healthcare Insurance Company ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey medical practitioner registered to do business in the State of New Jersey with a principal place of business at 20 Prospect Avenue, Hackensack, New Jersey 07601.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance plans at issue are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

1

## FACTUAL BACKGROUND

4. Plaintiff is a medical provider who specializes in plastic surgery and often treats patients in emergency situations.

5. On August 21, 2017, Plaintiff performed emergency surgery on Cynthia R. ("Patient 1"), in Hackensack University Medical Center. (*See*, **Exhibit A**, attached hereto.)

6. At the time of her emergency treatment, Patient 1 was the beneficiary of an employer-based health insurance plan for which Defendant served as Claims Administrator.

7. Patient 1 assigned her applicable health insurance rights and benefits to Plaintiff. (*See*, **Exhibit B**, attached hereto.)

8. After treating Patient 1, Plaintiff submitted a Health Care Financing Administration ("HCFA") medical bill to Defendant demanding payment for the performed treatment in the total amount of $10,300.00. (*See*, **Exhibit C**, attached hereto.)

9. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's treatment of Defendant's members.

10. On or around November 2, 2017, Defendant approved payment for Plaintiff's treatment of Patient 1 in the amount of $3,746.50, of which $2,197.20 was paid by Defendant to Plaintiff, $1,000.00 was applied towards Patient 1's deductible, and $549.30 was attributed towards Patient 1's coinsurance.  (*See*, **Exhibit D**, attached hereto.)

11. Defendant represented in its explanation of benefits that the reaming $6,553.50 in Plaintiff's charges were neither Defendant's nor Patient 1's responsibility even though Plaintiff never agreed to any such arrangement. *Id*.

12. Plaintiff subsequently submitted multiple internal appeals, challenging Defendant's reimbursement determination as an underpayment pursuant to the terms of Patient 1's insurance plan.

13. Defendant ultimately approved an additional $2,264.50 towards reimbursement for a total allowance of $6,011.00. (*See*, **Exhibit E**, attached hereto.)

14. In addition, Defendant reversed its prior determination of applying $1,000.00 towards Patient 1's deductible. Rather, Defendant paid Plaintiff a total of $4,825.11, and applied a total of $1,202.20 towards Patient 1's coinsurance. *Id*.

15. However, Defendant maintained that the remaining $4,272.69 in Plaintiff's charges for his treatment of Patient 1 was neither Defendant's nor Patient 1's responsibility even though Plaintiff never agreed to any such arrangement. *Id*.

16. On November 18, 2018, Plaintiff performed emergency surgery on Noa M. ("Patient 2") in Hackensack University Medical Center. (*See*, **Exhibit F**, attached hereto.)

17. At the time of his treatment, Patient 2 was the beneficiary of an employer-based health insurance plan for which Defendant served as Claims Administrator.

18. Patient 2 assigned his applicable health insurance rights and benefits to Plaintiff. (*See*, **Exhibit G**, attached hereto.)

19. After treating Patient 2, Plaintiff submitted a HCFA medical bill to Defendant demanding payment for the performed treatment in the total amount of $13,150.00. (*See*, **Exhibit H**, attached hereto.)

20. On or around December 24, 2018, Defendant approved payment for Plaintiff's treatment of Patient 2 in the amount of $6,575.00, of which $3,359.59 was paid by Defendant to

Plaintiff, $1,775.59 was applied towards Patient 2's deductible and $1,439.82 was attributed towards Patient 2's coinsurance. (*See*, **Exhibit I**, attached hereto.)

21. Defendant represented in its explanation of benefits that the remaining $6,575.00 was neither Defendant's nor Patient 2's responsibility even though Plaintiff never agreed to any such arrangement. *Id*.

22. Plaintiff submitted multiple appeals challenging Defendant's reimbursement as an underpayment pursuant to the terms of Patient 2's insurance plan.

23. However, Defendant failed to issue any additional reimbursement in response to Plaintiff's appeals.

24. On February 4, 2019, Plaintiff performed emergency surgery on Sophia B. ("Patient 3") in Hackensack University Medical Center. (*See*, **Exhibit J**, attached hereto.)

25. At the time of her treatment, Patient 3 was the beneficiary of an employer-based health insurance plan for which Defendant served as Claims Administrator.

26. Patient 3 assigned her applicable health insurance rights and benefits to Plaintiff. (*See*, **Exhibit K**, attached hereto.)

27. After treating Patient 3, Plaintiff submitted a HCFA medical bill to Defendant demanding payment for the performed treatment in the total amount of $7,900.00. (*See*, **Exhibit L**, attached hereto.)

28. On or around March 11, 2019, Defendant issued payment for Plaintiff's emergency treatment of Patient 3 in the total amount of $1,065.20. (*See*, **Exhibit M**, attached hereto.)

29. Defendant represented in its explanation of benefits that the remaining $6,834.80 in Plaintiff's charges were neither Defendant's nor Patient 3's responsibility even though Plaintiff never agreed to any such arrangement. *Id*.

30. Plaintiff submitted multiple internal appeals to Defendant challenging Defendant's reimbursement for Plaintiff's treatment of Patient 3 as an underpayment pursuant to the terms of Patient 3's insurance plan.

31. However, Defendant failed to issue any additional reimbursement in response to Plaintiff's appeals.

32. On February 4, 2019, Plaintiff also performed emergency surgery on Jude Z. ("Patient 4") in Hackensack University Medical Center.

33. At the time of her treatment, Patient 4 was the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator.

34. Patient 4 assigned her applicable health insurance rights and benefits to Plaintiff. (*See*, **Exhibit N**, attached hereto.)

35. After treating Patient 4, Plaintiff submitted a HCFA medical bill to Defendant demanding payment for the performed treatment in the total amount of $9,650.00. (See, Exhibit O, attached hereto.)

36. On or around March 1, 2019, Defendant approved payment for Plaintiff's treatment of Patient 4 in the amount of $1,212.20, the entirety of which was applied towards Patient 4's deductible. (*See*, **Exhibit P**, attached hereto.)

37. Defendant represented in its explanation of benefits that the remaining $8,437.80 was neither Defendant's nor Patient 4's responsibility even though Plaintiff never agreed to any such arrangement. *Id*.

38. Plaintiff submitted multiple internal appeals challenging Defendant's reimbursement for Plaintiff's treatment of Patient 4 as an underpayment pursuant to the terms of Patient 4's insurance plan.

39. However, Defendant failed to issue any additional reimbursement in response to Plaintiff's appeals.

40. Upon information and belief, the insurance plans applicable to Patient 1, Patient 2, Patient 3, and Patient 4 limit member cost-sharing to coinsurance and deductible charges.

41. Indeed, the applicable explanations of benefits for Patient 1, Patient 2, Patient 3, and Patient 4 purport to limit member's cost-sharing to coinsurance and deductible charges.

42. However, Defendant failed to limit each Patient's liability to coinsurance and deductible charges because Defendant failed to cover the applicable remaining balance.

43. The total amount Plaintiff billed for his treatment of Patient 1, Patient 2, Patient 3, and Patient 4 was $41,000.00.

44. The total amount in combined coinsurance and deductible charges applicable to Patient 1, Patient 2, Patient 3, and Patient 4 is $5,629.81.

45. Therefore, under the terms of the applicable insurance plans, Defendant should have reimbursed Plaintiff a total of $35,370.19 ($41,000.00 - $5,629.81 = $35,370.19).

46. However, Defendant reimbursed Plaintiff a total of $9,249.90 and Plaintiff has thus been damaged in the amount of $26,120.29 ($35,370.19 - $9,249.90 = $26,120.29).

47. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49. Plaintiff avers this Count to the extent ERISA governs this dispute.

50. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

51. Plaintiff has standing to seek such relief based on the assignments of benefits obtained by Plaintiff from Patient 1, Patient 2, Patient 3 and Patient 4.

52. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

53. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

54. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

55. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

57. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

58. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

59. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

60. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

61. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such

other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

62. Here, when Defendant acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

63. Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order directing Defendant to pay Plaintiff $26,120.29;
B. For an Order directing Defendant to pay Plaintiff all benefits Patient 1, Patient 2, Patient 3 and Patient 4 would be entitled to under the applicable insurance plans or policies issued by Defendant;
C. For compensatory damages and interest;
D. For attorney's fees and costs of suit; and
E. For such other and further relief as the Court may deem just and equitable.


Dated: New York, New York
February 19, 2020

                                        SCHWARTZ SLADKUS
                                        REICH GREENBERG ATLAS LLP
                                        *Attorneys for Plaintiff*


                        By:    /s/ Michael Gottlieb
                                Michael Gottlieb
                                444 Madison Avenue
                                New York, New York 10022
                                (212) 743-7054